### SAVAGE v. SUN LIFE ASSUR. CO. OF CANADA.

#### Civil Action No. 942.

District Court, W. D. Louisiana,
Monroe Division.

Nov. 10, 1944.

Shotwell & Brown, of Monroe, La., for plaintiff.

Montgomery, Fenner & Brown, of New Orleans, La., and R. M. Bernstein, of Philadelphia, Pa., for defendant.

DAWKINS, District Judge.

Plaintiff's suit is upon a life insurance policy of the face value of $2500, but double that amount or $5000 is claimed, on the basis of alleged accidental death by external and violent means. Defendant admitted its liability in the face amount but denied the right to recover the additional $2500, for the reason that the death of the insured was caused by the bombing of Pearl Harbor on December 7, 1941, thus creating a condition of war and relieving insurer from the duty of paying double indemnity under the terms of the policy.

The facts have been stipulated to the effect that the policy was issued and in force; that while serving as an ensign in the United States Navy, the insured was killed by the attack of the Japanese at Pearl Harbor on December 7, 1941; that proof and demand had been made; that defendant had offered to pay the sum of '$2500 "in full settlement of the face value of the policy" without prejudice, but this had been declined; and that war was formally declared by the United States against the Japanese on December 8, 1941.

The case, therefore, involves only a question of law, that is, the proper construction and application of certain provisions of the policy. After stipulating for the payment of an additional amount equal to its face for death "caused solely by external, violent and accidental means," the policy excluded among other things, "death resulting from war or any act incident thereto."

The issue, under the agreed statement of facts, is: did death result "from war or any act incident thereto"?

Plaintiff's contention, of course, is that there was no war until it was formally declared by Congress, who, under the Constitution, has the sole authority to declare a state of war. While, on the other hand, defendant insists that war existed from the moment the attack started and the first gun was fired or bomb dropped.

Three other cases arising out of the sneak attack by the Japanese upon Pearl Harbor have been decided, one each in the state courts of South Carolina and Idaho (West v. Palmetto State Life Ins. Co., 202 S.C. 422, 25 S.E.2d 475, 145 A.L.R. 1461; and Rosenau v. Idaho Mutual Benefit Ass'n, Idaho, 145 P.2d 227); and the third by the Circuit Court for the Territory of Hawaii, at law (17,175, handed down on August 2, 1944). The first two, construing similar provisions, allowed recovery, while the third, under practically identical provisions of the policy, denied it.

There can be no doubt that the attack by the Japanese Navy and its air force was intended as an act of war on its part, which eventuated inevitably in a

 

declaration of war by both countries. However, the word or term as used in this policy must be interpreted in a manner that can be applied and understood in a more definite sense, rather than depend upon the violence or inconsequential nature of the acts of the attacker. If a state of war is to be judged by the latter circumstances, it would exist or not according to the opinion of the particular court construing it. On the other hand, if it is held to mean a condition accepted or recognized by the political authority of the government which is attacked, whether through an actual declaration of war or other acts clearly demonstrating such position, then we would have a criterion which could be readily understood and applied to cases, no matter what the circumstances might be. The attack by the Japanese armed forces upon the Panay in China has been alluded to in the above decisions as illustrating a case that might have led to war, but did not, with different views by the state and federal courts as to its weight. To this might be added the many attacks by German submarines upon American vessels, which led up to the first World War; but it could hardly be said that in any of these a provision such as the one in the policy involved here would have justified the conclusion that the death of an American officer or seaman, killed thereby, resulted "from war or any act incident thereto."

Granting that many wars have been fought without formal declaration by the governments involved, nevertheless, they were prosecuted by the mutual participation and attacks of the armed forces of each against the other. In other words, the warmaking authority on each side accepted the actual conditions and brought into play the power of their armed forces in definite, hostile contest. Yet, when the bombs of the Japanese naval air force began falling upon our warships and installations at Pearl Harbor we were at peace with that nation, in fact, actually negotiating (certainly in good faith on our part, although fraudulently and deceitfully by the Japanese) for settlement of our differences by peaceful means. That condition certainly continued and there was no war until the first bomb landed against us. Must it be said that from that moment we were at war or would it be more reasonable, in the construction of the language of this policy, to say that it contemplated a condition where both we and the nation attacking us would first have to know and understand that we were engaged in a conflict of arms?

To carry the situation a little further, let us suppose that the insured in this case had been killed as the result of an act of a fifth columnist, who knowing of the approach of the Japanese war planes, in order to assist, under instruction from his government, had been able to place an explosive bomb on the ship occupied by the deceased thus causing his death a few moments before the planes struck. Certainly all the machinery for attack would have been set in motion and would have resulted from the same hostile purpose and intent. Here, again, it could hardly be contended that we would have been at war, or death of the insured would have been caused "as an incident thereto." The phrase "incident thereto" would seem to contemplate an incident such as the striking of an enemy mine, or the loss of life in the act of taking off or landing of a military plane from an aircraft carrier, etc.

The authorities relied upon by counsel in this case are cited and discussed in the three cases referred to above, and I shall not again list or analyze them here. What has been said above I think sufficiently discloses the reasons and views which I entertain with respect to the question of law involved. There should be judgment for the plaintiff. Proper decree should be entered.